CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2014

JULIA C. DOOLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWAIIAN M. JONES, | CASE NO. 7:14CV00499 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT, ET AL., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Owaiian M. Jones, a Virginia inmate proceeding pro se, filed this complaint against this federal district court and three of its judges, the Roanoke City Circuit Court, General District Court, and Juvenile Domestic Relations Court, alleging a conspiracy to deny Jones his constitutional right to access the court. Given the nature of his claims, the court construed and docketed his pleading as a civil rights complaint under 42 U.S.C. § 1983 (as to the state courts) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (as to this federal court and its judges). Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

An individual may bring a civil suit against a federal or state officer for damages stemming from a constitutional violation. Bivens, 403 U.S. at 392; 42 U.S.C. § 1983. Judges,

however, enjoy absolute immunity against civil claims for monetary damages for actions taken in their judicial functions. Stump v. Sparkman, 435 U.S. 349, 364 (1978). The well established purpose of absolute immunity is "to insulate the decisionmaking process from the harassment of prospective litigation." Westfall v. Erwin, 484 U.S. 292, 295 (1988) (superseded by statute on other grounds). Moreover, courts are not "officers" subject to suit under Bivens or § 1983.

The court's statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28. Jones' conclusory claims that judges and courts are conspiring to prevent him from filing a successful civil action fall squarely in this class.[1] Accordingly, the court will summarily dismiss the action without prejudice under § 1915A(b)(1) as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of September, 2014.

_____
Chief United States District Judge

---

[1] The court's records reflect that the many civil actions Jones has filed in the last several weeks have been handled under the court's standard procedure for a civil action filed by a prisoner plaintiff, pursuant to 28 U.S.C. § 1915(b). If Jones wishes to pursue a civil action in this court, he will be required to provide appropriate records concerning the activity in his inmate trust account for the prior six-month period and to consent to payment of the full filing fee before the action goes forward. If he fails to do so in any particular case, that case will be dismissed without prejudice.